## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 8:14CR363 |
| Plaintiff, | |
| vs. | MEMORANDUM AND ORDER |
| REYNALDO URBINA-SOTRES, | |
| Defendant. | |

This matter is before the Court on Defendant Reynaldo Urbina-Sortres's Motion to Vacate under 28 U.S.C. 2255[1] ("§ 2255 motion")  (Filing No. 259).  Also, before the Court is an ECF filing entitled, "Motion for Speedy Trial or Dismissal" (Filing No. 258).

Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

### FACTUAL BACKGROUND

The Defendant pled guilty to Counts I and II of an Information charging him with conspiracy to distribute 5 grams or more of methamphetamine and an amount of marijuana (Count I) and illegal re-entry by a person convicted of an aggravated felony (Count II).  On

---

[1] The document that was filed on ECF was addressed to the United States Court of Appeals and is an application for leave to file a second or successive § 2255 motion. Because the Defendant had not previously filed a § 2255 motion, the Court has liberally construed the filing as an initial § 2255 motion.

January 6, 2015, Paul J. Forney filed an appearance as the Defendant's retained counsel, but, on May 18, 2015, withdrew his appearance due to a confilct.  On May 22, 2015, Marti S. Sleister was court-appointed as counsel for the Defendant and remained as his counsel throughout the remainder of the proceedings.

The Defendant entered into a binding plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C) for a term of incarceration of 70 months which included a waiver of the right of appeal and collateral attack  (Filing No. 210 at 4, 5).

In his Petition to Enter a Plea of Guilty, signed on September 1, 2015, the Defendant stated under oath: He had enough time to talk with his attorney; he was satisfied with the job his attorney had done; he had no objections to the way his attorney had represented him; he knew he had a right to plead not guilty and proceed to trial with all accompanying constitutional rights; he was aware that the maximum statutory term of imprisonment for Count I was 40 years and for Count II was 20 years; and he understood all the questions in the Petition.  (Filing No. 209. at 2, 6).  On  September 1, 2015, the Defendant's plea was accepted and he was found guilty of Counts I and II of the Information.

A sentencing hearing was held on  November 23, 2015.  The Court accepted the Plea Agreement and the Defendant was sentenced to a term of 70 months on Count I and term of 70 months on Count II, to run concurrently, with four (4) years of supervised release on Count I and one (1) year of supervised release on Count II to follow, with those terms to run concurrently.

On July 5, 2016, the Defendant filed his timely § 2255 motion (Filing No. 259).

## DISCUSSION

**§ 2255 motion**

In his § 2255 motion, the Defendant alleges two grounds in support of his motion: (1) Fast Track Early Release Program, and (2) Ineffective Assistance of Counsel. Defendant asserts that his attorney did not care about the case and committed a plethora of errors affecting the Defendant's decision to enter the guilty plea.  The Defendant also states that his attorney never advised him of his right of appeal.

In order to establish ineffective assistance of counsel, the Defendant must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984).  The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment.  *Id.* at 687-89.  The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense.  *Id*. at 687.

Under the Defendant's plea agreement, he waived his right to seek post-conviction relief except for (a) "The right to timely challenge the defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that charge to which the defendant is agreeing to plead guilty fails to state a crime." or (b) "The right to seek post-conviction relief based on ineffective assistance of counsel." (Filing No. 210 at 5.)   The Defendant adopted the Presentence Investigation Report (Filing No. 231), in which the Defendant received the following

reductions: a two-level reduction for a minor participant role; an additional two-level reduction for acceptance of responsibility; and a one-level reduction on the government's motion.

The undersigned took the Defendant's plea in this case, and questioned the Defendant at length to ensure that the plea was knowing and voluntary and supported by a factual basis, and that the Defendant was satisfied with the advice and performance of counsel. The Defendant executed both the Plea Agreement and Petition to Enter a Plea Guilty, which stated he understood all the questions contained therein, and that he was guilty of the crimes alleged in Count I and Count II (Filing No. 209 at 12). The colloquy at the time of the plea hearing confirmed repeatedly the voluntary nature of his plea.

The Court notes that Marti S. Sleister is an experienced and well-respected criminal defense attorney. With regards to the "Fast Track" program, the United States Attorney retains the discretion to limit or deny a defendant's participation in such program. The remaining complaints about Sleister's representation in the Defendant's § 2255 motion do not rise to a level showing that Sleister performed outside the wide range of reasonable professional assistance or made errors so serious that Defendant did not receive the kind of counsel guaranteed by the Sixth Amendment. *United States v. Luke*, 686 F.3d 600, 604 (8th Cir. 2012) ("There is a 'strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance.'") (quoting *Strickland*, 466 U.S. at 689). Nor has the Defendant demonstrated any reasonable probability that the result of the proceedings would have been different, but for counsel's alleged ineffective assistance.

**Motion for Speedy Trial or Dismissal**

In the Defendant's Filing No. 258, Motion for Speedy Trial or Dismissal of Deteiner[sic]/Charges in Other State or Federal Jurisdiction," it appears this motion is

4

addressed to the "Woodbury Co. Sheriff's Dept. Sioux City Iowa." This Court is in unaware of a detainer lodged in the District of Nebraska regarding "Tampering w/Records, Fraudulent Practice."  Therefore, the motion will be denied as moot.

## CONCLUSION

For the reasons discussed, the Defendant cannot prove either prong of the *Strickland* test, and his § 2255 Motion will be denied.

Accordingly,

IT IS ORDERED:

1. The Court has completed the initial review of Defendant Reynaldo Urbina-Sortres's Motion to Vacate under 28 U.S.C. 2255 ("§ 2255 motion")  (Filing No. 259);

2. The Court summarily dismisses the Defendant's § 2255 motion;

3. A separate Judgment will be issued denying the § 2255 motion;

4. The Defendant's Motion for Speedy Trial or Dismissal (Filing No. 258) is denied as moot; and

5. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 29th day of November, 2016.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge